James D. DiPasquale (011033)
DiPasquale & Summers, LLP
1003 Bishop Street, Suite 1260
Honolulu, Hawaii 96813
Telephone: (808) 240-4771
Facsimile: (808) 240-4765
james@ds-lawoffices.com

Kevin J. Stoops (admitted *Pro Hac Vice*)
Charles R. Ash, IV (admitted *Pro Hac Vice*)
Sommers Schwartz, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Telephone: (248) 355-0300
Facsimile: (248) 746-4001
kstoops@sommerspc.com
crash@sommerspc.com

*Attorneys for Plaintiff and the putative FLSA Collective Members*

# UNITED STATES DISTRICT COURT
# DISTRICT OF HAWAII

| | |
|---|---|
| **RICHARD DAMRON**, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**CURT FAUS CORPORATION**,<br><br>    Defendant. | Case No.: 1:21-CV-00008-KJM<br><br>Hon. Kenneth J. Mansfield<br><br>**JOINT MOTION TO APPROVE SETTLEMENT** |

### JOINT MOTION TO APPROVE SETTLEMENT

Plaintiff Richard Damron and Opt-in Plaintiff Chase Koulbanis (collectively, "Plaintiffs") and Defendant Curt Faus Corporation ("Defendant") (collectively referred to as "the Parties"), by and through their attorneys of record, respectively

move for entry of the proposed Order granting final approval of the settlement between the Parties in this action.

1. On January 5, 2021, Plaintiffs instituted this action against Defendant, alleging violations of the Fair Labor Standards Act ("FLSA") and the Hawaii Wage and Hour Law ("HWHL") by allegedly misclassifying Plaintiffs as independent contractors rather than employees and failing to pay Plaintiffs overtime compensation. *See* Dkt. 1.

2. On February 25, 2021 the parties notified the Court that they had reached a settlement agreement to resolve the Plaintiffs claims on an individual (rather than class or collective) basis. *See* Dkt. 20.

3. On March 4, 2021 this Court ordered the parties to submit a "Stipulation for Dismissal" for the Court's consideration. *See* Dkt. 27. However, the Parties seek the Court's review of their settlement to give it final and binding effect. *See Lynn's Food Stores, Inc. v. US. ex rel U.S. Dep't. of Labor*, 679 F.2d 1350 (11th Cir. 1982).

4. The Parties engaged in extensive settlement discussions regarding the present matter and engaged in informal discovery. Experienced counsel represented all Parties. Although the parties still dispute the merits of Plaintiffs' claims, each side was able to recognize the risks and additional costs associated with continued litigation, particularly, where the independent contractor determination presented an all-or-nothing outcome for both sides. *See Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) (*citing Hanrahan v. Britt*,

174 F.R.D. 356, 366-368 (E.D. Pa. 1997) (presumption of correctness applies to a … settlement reached in arms'-length negotiations between experienced, capable counsel after meaningful discovery, citing Manual for Complex Litigation, Second § 30.41 (1985)).

5.     As a result of their negotiations, the Parties reached agreement on the material terms of a settlement of Plaintiffs' claims and executed the attached Settlement Agreement and Release to that effect. A copy of the Settlement Agreement is attached hereto as ***Exhibit A***.

6.     Although Plaintiffs' lawsuit was originally presented as a possible class and collective action, Plaintiffs did not seek certification and no such class has been certified by the Court. Therefore, Plaintiffs Damron and Koulbanis are the only parties to the Settlement Agreement. The rights of the putative class and collection action members are *not* affected or prejudiced by the settlement.

7.     In exchange for the promises, agreements, and legal releases stated in the Settlement Agreement, Plaintiffs and their counsel will receive the sum of Eighty Thousand Dollars ($80,000.00) in full and complete satisfaction of all claims in this action. Plaintiffs have agreed to release Defendants from any and all existing claims under federal, state, or local law. According to the terms of the Settlement Agreement, Plaintiff Damron will receive Fifty Thousand Dollars ($50,000.00) for alleged unpaid wages (including liquidated damages) and unreimbursed business expenses, and Plaintiff Koulbanis will receive Two Thousand Dollars ($2,000.00)

for alleged unpaid wages (including liquidated damages) and unreimbursed business expenses.[1] For all claims related to attorneys' fees and costs, Plaintiffs' attorneys Sommers Schwartz, P.C. will receive Twenty Eight Thousand Dollars ($28,000.00). In the settlement, Defendants do not admit wrongdoing or liability regarding Plaintiffs' claims, including, but not limited to, claims that Plaintiffs and/or any putative class or collective action members are or were employees of Defendants.

8. This settlement represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *See, Cooper v. Dep't of Tax'n*, No. CV 18-00284 JAO-RT, 2019 WL 6502109, at *3 (D. Haw. Sept. 25, 2019) (holding a bona fide dispute exists where "there were legitimate questions about the existence and extent of Defendants' FLSA liability.")

9. In this case, there is a bona fide dispute regarding whether Plaintiffs' claims are viable (which they are not if they properly were classified as contactors as Defendants contend) and the extent of any damages under the FLSA and the HWHL. Despite these disagreements, the Parties have reached a compromise that reflects the positions of the Parties with respect to potential litigation costs and risks for each.

10. In the Complaint and ensuing settlement negotiations, Plaintiff alleged Defendant owed him approximately $75,000 for unpaid overtime wages in

---

[1] Plaintiff Damron performed services for Defendant for approximately two and a half years. Opt-in Plaintiff Koulbanis performed services for Defendant for approximately two weeks.

accordance with the FLSA and HWHL.[2] In response, Defendant argued that Plaintiffs were correctly classified as independent contractors and not eligible for overtime payments. Furthermore, Defendant disputed the number of hours Plaintiff claimed he was working. After reviewing hundreds of pages of employment records, the Parties reached an agreement to dismiss and release Plaintiffs' claims in exchange for the payments described above.

11. The settlement amount represents a negotiated compromise that takes into account Plaintiffs' calculated potential damages, the risk to and expense of the Parties, and the uncertainty of litigation. *See Cooper* at *3 (holding a fair settlement reflects "the risk, expense, complexity, and likely duration to further litigation" where parties remained in disagreement over FLSA liability and settlement agreement reflected risks for both parties of further litigation).

12. The complexity, expense, and likely duration of further litigation, the risk for Plaintiffs of not recovering anything at all, and the Parties' analysis of the potential damages all support the conclusion that the Settlement Agreement is fair and reasonable.

---

[2] Plaintiff worked approximately 120 weeks and he asserts he worked approximately 65 hours per week. If his overtime rate was $75 and he was paid $50 for all hours worked, then (according to him) Defendant owes him an additional $25 for each hour worked over 40. Thus, the maximum damages are as follows: 25 overtime hours x $25 dollars per hour = $ 625 per week x 120 weeks = $75,000.00.

WHEREFORE, the Parties therefore request that this Court grants this Motion and approve the Settlement Agreement as fair and reasonable and to dismiss the case with prejudice.

Dated:      March 16, 2021

Respectfully submitted,

*/s Charles R. Ash, IV*
Kevin J. Stoops (*Pro Hac Vice*)
Charles R. Ash, IV (*Pro Hac Vice*)
Sommers Schwartz, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Telephone: (248) 355-0300
Facsimile: (248) 746-4001
kstoops@sommerspc.com
crash@sommerspc.com

James D. DiPasquale (011033)
DiPasquale & Summers, LLP
1003 Bishop Street, Suite 1260
Honolulu, Hawaii 96813
Telephone: (808) 240-4771
Facsimile: (808) 240-4765
james@ds-lawoffices.com

Counsel for Plaintiffs

*/s John D. Ostrander (w/consent)*
John D. Ostrander (*Pro Hac Vice*)
Elliott, Ostrander & Preston, P.C.
707 SW Washington Street, Suite 1500
Portland, Oregon 97205
(503) 224-7656
john@eoplaw.com

John S. Mackey,   70060-0
Ashley C. Chinen   10704-0
Goodsill Anderson Quinn & Stifel
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaii 96813
(808) 547-5600
jmackey@goodsill.com
achinen@goodssill.com

Counsel for Defendant